**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID M. HOWARD II                          *

Plaintiff,                                  *

v.                                          *              Civil Action No. ELH-22-950

UNITED STATES OF AMERICA,                   *
FEDERAL BUREAU OF PRISONS,
WARDEN BROWN,                               *
MS. FOOTE, and
THOMAS GERA,                                *

Defendants.                                 *

                              ***

<u>**MEMORANDUM OPINION**</u>

David M. Howard II, the self-represented plaintiff, is a federal prisoner currently housed at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). He has filed a Complaint for medical malpractice and negligence pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 *et seq*., naming as defendants the United States of America; the Federal Bureau of Prisons; Warden Brown of FCI Cumberland; Ms. Foote, Health Services Administrator; and Thomas Gera, P.A., FCI Cumberland. ECF 1. Plaintiff also filed several exhibits with his Complaint (ECF 1-1), as well as two supplements. ECF 3, ECF 9. He alleges that defendants failed to provide adequate medical treatment following surgery to repair two broken and dislocated bones in his left hand, causing his injury to worsen. ECF 1 at 1.[1]

---

[1] Plaintiff also alleges that defendants are responsible for the initial injury. ECF 1 at 2. However, he clarifies that his current claim "is focused on the secondary injury caused from October 28, 2021, to date." *Id.* Even if plaintiff intended to pursue such a claim, defendants state that he has not exhausted his administrative remedies and plaintiff does not make any statements in opposition. ECF 11-1 at 10, n. 3. Therefore, to the extent that plaintiff alleges that defendants are responsible for his initial injury, I decline to consider that claim.

Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a).   ECF 11.   The motion is supported by a memorandum (ECF 11-1) (collectively, the "Motion") as well as medical records (ECF 11-2) and the Declaration of Erek Barron, the United States Attorney for the District of Maryland (ECF 11-3).   Plaintiff filed a response in opposition to defendants' Motion, including exhibits in support.  ECF 13, ECF 18, ECF 21.[2]  Defendants have replied.  ECF 19.  In addition, plaintiff filed a motion for evidentiary hearing.  ECF 20.

No hearing is required to resolve the motions.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, I shall construe the Motion as one for summary judgment as to the United States and deny it.  As to the remaining defendants, I shall construe the Motion as one to dismiss and grant it.  Plaintiff's motion for evidentiary hearing will be denied, without prejudice, and plaintiff will be granted 28 days in which to file a motion for appointment of counsel.

## I.     Factual Background

### A.     The Complaint

Plaintiff alleges that he suffered worsening of his hand injury, fibrous scarring in the joints, and lack of range of motion in his fingers, which "are now stuck in a deformed position," as a result of a lack of follow-up care after he had surgery to repair broken bones in his left hand.  ECF 1 at 1-2.  According to plaintiff, four "medical pins" were inserted in his hand during his surgery.  *Id.* at 1.

---

[2] Plaintiff's exhibits were docketed as supplemental complaints, but they are clearly meant to be exhibits in support of plaintiff's opposition to defendants' Motion.  ECF 18, ECF 21. However, because these documents were filed subsequent to defendants' reply to plaintiff's response, they will not be considered here as defendants did not have an opportunity to address them.

At plaintiff's after-surgery appointment with his surgeon, Dr. Rishi Bhatnagar, on October 28, 2021, plaintiff was informed that follow-up care would include physical therapy and possible steroid shots to ensure complete healing and to regain elasticity.  ECF 1 at 2.  Moreover, he alleges that Dr. Bhatnagar recommended an additional follow-up appointment six weeks later, the follow-up appointment was approved by the Bureau of Prisons ("BOP") on December 6, 2021, but the appointment was never scheduled, despite numerous inquiries and requests by plaintiff (*id.* at 2-3), and his complaints of "loss of feeling in hand and hand turning blue from lack of blood flow to nurses and technicians."  *Id*. at 3.  And, plaintiff claims that nurses and technicians repeatedly told him that his orthopedic appointment had been scheduled or would be scheduled.  *Id*. at 3.  According to plaintiff, "defendants [sic] neglect of vital post-surgery care for the six-month period after surgery . . . is the cause of plaintiffs [sic] predicament."

As noted, plaintiff attached several exhibits to his Complaint.  They include a record of a visit with Dr. Bhatnagar on October 14, 2021; an email dated January 26, 2022, requesting an appointment with the orthopedist; and an email dated March 11, 2022, requesting medical records.  ECF 1-1.  As supplements, plaintiff filed a copy of an FCI-Cumberland "Attempt at Informal Resolution" form (ECF 3) and a photograph showing plaintiff's alleged knuckle deformity (ECF 9-1).

### B.    Defendants' Response

Defendants contend that the Complaint must be dismissed as to the BOP and the individual defendants because the United States is the only proper defendant in regard to a claim pursuant to the FTCA, and because the individual defendants are immune from suit for actions taken within the scope of their employment.  ECF 11-1 at 2.  In support, defendants submit the Declaration of Erek L. Barron, United States Attorney for the District of Maryland, who declares that the

individuals named in the Complaint were employees of the United States at the relevant time, and were acting in the scope of their employment during the relevant time period.  ECF 11-3.[3] Defendants also argue that the Complaint should be dismissed or, in the alternative, summary judgment should be granted in favor of the United States because plaintiff "has not suffered an injury caused by a government employee."  ECF 11-1 at 2.

As to the facts, defendants agree that plaintiff suffered broken bones in his left hand on August 27, 2021, and underwent surgery to repair those injuries.  Defendants assert that the surgery was performed on September 30, 2021.  ECF 11-1 at 3.  However, several medical records indicate that the surgery took place on October 1, 2021.  ECF 11-2 at 39, 43, 45.  The records regarding the surgery itself were not provided, and the minor discrepancy in the date of surgery is not material.  Moreover, defendants agree that plaintiff had follow-up appointments with the surgeon on October 14, 2021 and October 28, 2021.  ECF 11-1 at 2-3; ECF 11-2 at 39-40.  In addition, they concede that, as alleged, the third follow-up appointment with the surgeon was approved but did not occur prior to the filing of the Complaint.  ECF 11-1 at 4.

Defendants explain that plaintiff finally saw Dr. Bhatnagar for his third follow-up appointment on April 28, 2022, ten days after plaintiff filed suit and six months after plaintiff's last medical appointment.  ECF 11-1 at 4; ECF 11-2 at 45.  However, defendants argue that plaintiff's pain and suffering was not caused by medical negligence.  Instead, they explain that plaintiff hit an inmate and a wall.  ECF 11-1 at 9.  They state: "Plaintiff's alleged theory – that the delayed appointment, not breaking his hand by punching another inmate and the wall, caused his

_____

[3] Notably, plaintiff also asserts that the individual defendants were acting with the scope of their employment.  ECF 1 at 1, ¶ 2.

pain and suffering – defies common sense." *Id*.[4]  Further, they contend that the medical records show that the "various harms Plaintiff asserted would be caused by the delay did not actually occur." *Id*.

### C.    Medical Records

At all times relevant, plaintiff was incarcerated at FCI Cumberland.  A summary of the medical records submitted by the parties is set forth below.

On August 27, 2021, plaintiff was involved in an altercation with another inmate, and he punched the inmate and a wall, injuring his left hand. ECF 11-2 at 13, 16, 26.  That same day, plaintiff saw defendant Thomas Gera, P.A., at FCI Cumberland for left hand pain. *Id*. at 13-14. Gera found the fourth and fifth metacarpophalangeal joints significantly depressed, loss of motion, and gross deformity of the fourth and fifth phalanxes. *Id*. at 13-14.  Gera requested an emergency room evaluation. *Id*.

Mr. Howard saw Tammy Crayton, CRNP, in the emergency department at UPMC Western Maryland who found "obvious deformity of left hand of the fourth and fifth digits." ECF 11-2 at 17.  An x-ray of the left hand showed fourth and fifth distal metacarpal fractures, markedly angulated. *Id*. at 24.  Crayton diagnosed metacarpal fracture and referred plaintiff to Dr. Bhatnagar for follow-up. *Id*. at 18.

Plaintiff went to the medical unit at FCI Cumberland on August 31, 2021, and was seen by Mohamed Moubarek, M.D., who diagnosed a stress fracture. ECF 11-2 at 29.  On the same day, Kristi Crites, CRNP, placed plaintiff's hand in a splint and requested x-rays and an orthopedic

---

[4] In my view, it "defies common sense" to suggest that plaintiff's apparent misconduct in the first instance, which led to his injury, somehow excuses alleged inadequate medical care as to his injury.  That is akin to saying that an intoxicated driver who is injured in a car crash is not entitled to appropriate medical care because he was at fault for the vehicular accident.

consult. *Id*. at 30.  Plaintiff was advised to continue to wear the splint and to follow-up with the orthopedist. *Id*.

On September 16, 2021, plaintiff was seen by Rishi Bhatnagar, M.D. at Precision Orthopedics and Sports Medicine for his left hand injury.  ECF 11-2 at 26.  He told Dr. Bhatnagar that he "hit someone and punched the wall." *Id*.  Plaintiff stated that the pain radiated up his arm and that he had numbness. *Id*.  Dr. Bhatnagar found tenderness and swelling of the left hand with limited range of motion. *Id*.  He recommended surgery in a timely manner. *Id*. at 27.  In the meantime, Dr. Bhatnagar fitted plaintiff with a knuckle brace and recommended follow-up in two weeks. *Id*.

Surgery was performed on or about October 1, 2021.[5]  On October 14, 2021, plaintiff saw Dr. Bhatnagar for a follow-up.  ECF 1-1 at 5-6.  Dr. Bhatnagar found that plaintiff was stable, but that he was still experiencing a constant, sharp, achy pain as well as numbness. *Id*. at 5.  Dr. Bhatnagar placed plaintiff in a short arm cast and recommended that he work on range of motion. *Id*. at 6.

Plaintiff saw Dr. Bhatnagar on October 28, 2021, for a second post-surgical follow-up.  ECF 11-2 at 39.  He reported occasional sharp, achy throbbing and numbness in his fingers. *Id*.  Dr. Bhatnagar found limited range of motion but no rotational deformity. *Id*.  Further, he found that plaintiff was "progressing well." *Id*. at 40.  He removed the cast and surgical pins, provided and fitted plaintiff with a wrist brace, directed plaintiff to work on his range of motion, and recommended follow-up in six weeks.  ECF 11-2 at 40.

---

[5] As noted, records of the surgery were not submitted with the Motion.  It is not clear whether the surgery occurred on September 30, 2021 or October 1, 2021.

Gera saw plaintiff for a follow-up appointment on November 19, 2021.  ECF 11-2 at 42. Plaintiff reported that he was experiencing "continued stiffness and ache discomfort."  *Id*.  Gera found that the fourth and fifth fingers fully extend, but "flexion is much more limited."  *Id*.  Gera requested follow-up with the orthopedist in six weeks and "educated [patient] on gentle [range of motion] exercises to be performed and exercise ball [prescribed]."  *Id*. at 43.

Plaintiff alleges that he told numerous nurses and technicians of his need for orthopedic care.  ECF 1 at 3.  No records regarding any medical care between November 19, 2021, and April 28, 2022, are included in the record.  *See* ECF 1 at 2.

On April 28, 2022, plaintiff saw Dr. Bhatnagar for a surgical follow-up. ECF 11-2 at 45. Plaintiff reported that he was "feeling better and has occasional achy pain," that he "can't move his knuckles" and has stiffness in his hand, and that he never underwent any physical therapy.  *Id*. Dr. Bhatnagar took x-rays and found "appearance consistent with proper healing."  *Id.* at 46.  He advised plaintiff to work on range of motion and to soak the extremity in warm water with Epsom salts.  *Id*.  Dr. Bhatnagar also recommended follow-up in six weeks.  *Id*.  Physical or occupational therapy of the left hand was ordered.  *Id*. at 47.[6]  On April 29, 2022, Gera completed a consultation request for evaluation by a therapist, as recommended by the orthopedist.  *Id*. at 50.

Gera saw plaintiff for a follow up visit on May 12, 2022.  ECF 11-2 at 51.  Gera found that the fourth and fifth fingers demonstrate almost full extension and that "4th and 5th MCP demonstrates approximate 70 degrees of flexion, PIP and DIP approximate 20-30 degrees of

---

[6] It is unclear whether this document was completed by Dr. Bhatnagar or Gera; the document is a BOP form and includes illegible writing and an illegible signature. ECF 11-2 at 47. Nevertheless, defendants state that plaintiff "returned from the appointment with a handwritten note from Dr. Bhatnagar recommending plaintiff start physical and occupational therapy."  ECF 11-1 at 4.

flexion." ECF 11-2 at 52.  He informed plaintiff that he had been in contact with physical therapy and was making plans for a video appointment.  *Id*. at 52.

On July 18, 2022, Gera saw plaintiff for follow-up regarding continued stiffness with the fourth and fifth fingers and "aching."  ECF 11-2 at 53.  He found that plaintiff's range of motion was limited to 30-45 degrees in his fourth and fifth fingers.  *Id*.  Gera notified scheduling staff of plaintiff's need for "OT/PT/Hand Specialist due to continued decreased ROM of 4th and 5th fingers of L hand . . . ."  *Id*. at 54.

On July 20, 2022, plaintiff had a consult with a hand specialist physical therapist via video. ECF 11-2 at 55.  Plaintiff told the physical therapist that he believed the delay in care was so substantial that his only option is surgery, as he was informed by his family and attorney.  *Id*.  He agreed to the treatment but was skeptical of the benefits.  *Id*.  Plaintiff was told that devices were coming in the mail, and he was given a printout of therapy exercises.  *Id*. at 56.

Plaintiff saw S. Bennett, OTR/L, CHT, CCHP on August 4, 2022, for an evaluation via telehealth.  ECF 11-2 at 57.  Bennett stated that plaintiff would "benefit from course of prolonged MCP flexion stretches and PIP extension joint extension stretches."  *Id*. at 58.  Splinting devices were recommended to facilitate flexion stretches, and a home exercise handout was provided.  *Id*.

Plaintiff failed to attend an appointment with Gera on August 5, 2022.  ECF 11-2 at 59. However, Gera saw plaintiff for a follow-up on August 9, 2022, regarding plaintiff's therapy exercises and splint.  *Id*. at 60.  Gera noted that plaintiff expressed disbelief that the exercises would help him due to the delay.  *Id*.  He informed plaintiff of the rehabilitation exercises he would complete when the braces arrive and requested a consult with Dr. Bhatnagar to assess function after six weeks of physical therapy.  *Id*. at 61.

## II.      Standards of Review

### A.

A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.  2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Nadendla*, 24 F.4th at 305;

9

*Fauconier v. Clarke*, 996 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317-18 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if...[the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v.*

*Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010).  "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In connection with a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted); *see Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020).  But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)."  *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009).  Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.'"  *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (citation omitted).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'"  *Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co*., 637 F.3d at 448).

Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein...." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger.,* 510 F.3d at 450.

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (internal citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)); *see USA Eng. Language Ctr. v. Accrediting Council for Continuing Educ. & Training, Inc.*, __ F. App'x __, 2021 WL 3162671, at *2 (4th Cir. July 27, 2021) (per curiam).  And, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167.  In other words, the "general rule" is that "the exhibit prevails in the event of a conflict between an attached exhibit and the allegations of a complaint." *Id.* at 165.  But, "in cases

where the plaintiff attaches or incorporates documents for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of the document as true." *Id.* at 167.

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 665.

### B.

The Motion is styled as a motion to dismiss under 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a). A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

In regard to a Rule 12(b)(6) motion, a court ordinarily "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 Fed App'x 220, 222 (4th Cir. 2016) (per curiam).

A court may not convert a motion to dismiss to one for summary judgment sua sponte, unless it gives notice to the parties that it will do so. *See Laughlin v. Metro Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.,* 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Adams Housing, LLC*, 672 F. App'x at 622 ("The court must give notice to ensure that the party is aware that it must 'come forward with all of [its] evidence.'") (citation omitted). However, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material

"is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448-49; *see Putney v. Likin*, 656 Fed. App'x 632, 638 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 Fed. App'x 552, 561 (4th Cir. 2015). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted), *rev'd on other grounds sub nom. Gardner v. Ally Fin., Inc.*, 514 Fed. App'x 378 (4th Cir. 2013) (per curiam). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see McClure v. Ports*, 914 F.3d 866, 874-75 (4th

Cir. 2019); *Gordon v. CIGNA Corp.*, 890 F.3d 463, 479 (4th Cir. 2018); *Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the nonmoving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. And, a court "should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014).

Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted); *see also Putney*, 656 Fed. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). "This is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 Fed. App'x at 638.

Plaintiff has not filed an affidavit under Rule 56(d).  Moreover, I am satisfied that it is appropriate to address the Motion as one for summary judgment as to the United States, as this will facilitate resolution of the case.  As to the remaining defendants, the Motion will be construed as one seeking dismissal.

## C.

Summary judgment is governed by Fed. R. Civ. P. 56(a).  It provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020); *Variety Stores, Inc. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018); *Iraq Middle Mkt. Dev. Found v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017).  To avoid summary judgment, the nonmoving party must demonstrate that there is a genuine dispute of material fact so as to preclude the award of summary judgment as a matter of law.  *Ricci v. DeStefano*, 557 U.S. 557, 585-86 (2009); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 585-86 (1986); *see also Gordon v. CIGNA Corp*., 890 F.3d 463, 470 (4th Cir. 2018).

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.; *see CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647,

658 (4th Cir. 2020); *Variety Stores, Inc. v. Wal-mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018); *Sharif v. United Airlines, Inc.,* 841 F.3d 199, 204 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).  But, summary judgment is appropriate if the evidence is "so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 252.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004).  And, the court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 645 (4th Cir. 2002); *see Hannah P. v. Coats*, 916 F.3d 327, 336 (4th Cir. 2019); *Roland v. United States Citizenship & Immigration Servs*., 850 F.3d 625, 628 (4th Cir. 2017); *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

Notably, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson,* 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).  Thus, the trial court may not make credibility determinations on summary judgment.  *Kellen v. Lott*, No. 21-6928, 2022 WL 2093849, at *1 (4th Cir. June 10, 2022) (per curiam); *Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019); *Wilson v. Prince George's County*, 893 F.3d 213, 218-19 (4th Cir. 2018); *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United*

*States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

That said, "a party's 'self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment.'" *CTB, Inc.*, 954 F.3d at 658-59 (citation omitted). And, "[u]nsupported speculation is not sufficient to defeat a summary judgment motion." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *see also, e.g.*, *Reddy v. Buttar*, 38 F.4th 393, 403-04 (4th Cir. 2022); *CTB, Inc.*, 954 F.3d at 659; *Harris v. Home Sales Co.*, 499 Fed. App'x 285, 294 (4th Cir. 2012). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). But, if testimony is based on personal knowledge or firsthand experience, it can constitute evidence of disputed material facts, even if it is uncorroborated and self-serving. *Lovett v. Cracker Barrel Old Country Store, Inc.*, 700 Fed. App'x 209, 212 (4th Cir. 2017). Indeed, "'a great deal of perfectly admissible testimony fits'" the "'description'" of "'self-serving.'" *Cowgill v. First Data Technologies, Inc.*, 41 F. 4th 370, 383 n.8 (4th Cir. 2022) (citing *United States v. Skelena*, 692 F.3d 725, 733 (7th Cir. 2012)).

In sum, to defeat summary judgment, conflicting evidence, if any, must give rise to a genuine dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Judd*, 718 F.3d at 313. On the other hand, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there

must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.

Because plaintiff is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord. Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013).  But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### III.   Discussion

Defendants urge dismissal of the case under Rule 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted.  ECF 11-1 at 7.  Additionally, the individual defendants assert that they are immune from liability under the FTCA pursuant to the Westfall Act, because they were acting within the scope of their employment.  *Id*. at 6-7.  The Westfall Act provides that a tort suit against the United States under the FTCA is the exclusive remedy for a claim of "injury or loss of property . . . resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  Further, BOP argues that it is an improper defendant, as the only proper defendant in an FTCA matter is the United States of America.  *Id*. at 7.

"Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit."  *Kerns v. United States*, 585 F.3d 187, 193-94 (4th Cir. 2009) (citing *United States v.*

*Sherwood*, 312 U.S. 584, 586 (1941)).  But, to the extent that the United States has expressly waived sovereign immunity, a plaintiff may recover against the United States.  *See*, *e.g.*, *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citation omitted); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (holding that a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed") (citation and internal quotation marks omitted).

Under the FTCA, Congress has waived the sovereign immunity of the United States, exposing it to tort liability for claims "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," so long as certain conditions are satisfied.  28 U.S.C. § 1346(b)(1); *see Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).  However, FTCA cases must be "tried by the court without a jury."  28 U.S.C. § 2402.

Notably, "'the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States.'"  *Lins v. United States*, 847 Fed. App'x 159, 162 (4th Cir. 2021) (quoting *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995)).  Moreover, the United States may be liable under the FTCA only to the extent that a "private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), and only "in the same manner and to the same extent as a private individual under like circumstances."  *Id.* § 2674.

Thus, "the substantive law of each state establishes the cause of action."  *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2012); *see United States v. St. Louis Univ.*, 336 F.3d 294, 300 (4th Cir. 2003) (citation omitted).  And, "[t]he Supreme Court has concluded that the 'law of the place' refers to the 'whole law,' including choice-of-law principles of the state where

21

the negligent act or omission occurred." *Id.* (citing *Richards v. United States*, 369 U.S. 1, 11 (1962)).

The United States is not liable for *all* torts committed by federal employees, however. Section 1346(b) of Title 28 "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). For a claim to fall within that "certain category," it must be:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Id.* (quoting 28 U.S.C. § 1346(b)(1)) (alterations in original).

Congress has not waived sovereign immunity for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This prevents "judicial second-guessing" of administrative and legislative decisions grounded in policy. *United States v. Gaubert*, 499 U.S. 315, 323 (1991). Accordingly, the discretionary function exception "protects only governmental actions and decisions based on considerations of public policy." *Berkovitz v. United States*, 486 U.S. 531, 537 (1988); *see also Lins*, 847 Fed. App'x at 163; *Suter v. United States*, 441 F.3d 306, 311 (4th Cir. 2006). Defendants do not allege that the actions or inactions of the government employees at issue here were discretionary in nature.

The FTCA is narrowly construed. *See United States v. Nordic Village, Inc*., 503 U.S. 30, 34 (1992). An FTCA claim, or any other lawsuit alleging negligence by federal employees, may not be maintained against individual federal employees who were acting within the scope of their

employment when the alleged wrongful conduct took place.  28 U.S.C. § 2679(b)(1).  Pursuant to § 2679(d)(1) and 28 C.F.R. § 15.4, the United States Attorney for the District of Maryland, Erek L. Barron, has provided certification that all of the individually named defendants were acting within the scope of their employment during the events described in the Complaint.  ECF 11-3.  Therefore, plaintiff's claims of medical negligence as they pertain to the individual defendants, must be dismissed.  As the United States is the only proper defendant in an FTCA case, the BOP will also be dismissed from the case.

The FTCA requires a claimant to present a claim, in writing, to the appropriate federal agency, due within two years after the claim accrues, and then with the appropriate U.S. District Court within six months after the date of a final denial of the claim by the agency.  28 U.S.C. § 2401(b).  Defendants do not allege that plaintiff failed to comply with these requirements.  Accordingly, the remaining question is whether a government employee's negligence is the cause of plaintiff's injury.

In moving for summary judgment, defendants argue that plaintiff has not shown that the negligence of government employees caused plaintiff's injuries, but instead that plaintiff caused his own injuries when he hit an inmate and a wall.  ECF 11-2 at 10.  Further, they argue that plaintiff does not suffer from permanent harm to his hand.  *Id*.  The record currently does not include sufficient information to make such a determination.

The medical records show that plaintiff continued to suffer from pain, numbness, and limited range of motion in his hand from the time of his original injury until nearly one year later when he saw a hand specialist.  ECF 11-2 at 13-14, 58-59.[7]  It is undisputed that while plaintiff

---

[7] Records show that the fracture healed properly, but the limited range of motion persisted.  ECF 11-2 at 45-46.

should have seen his orthopedic surgeon six weeks after his appointment on October 28, 2021, at which his surgical pins were removed, he did not see Dr. Bhatnagar again until April 28, 2022. ECF 11-1 at 3-4; 11-2 at 45-46. Moreover, there is no indication that plaintiff had any contact with FCI Cumberland's medical staff between his appointment with Gera on November 19, 2021, and his appointment with Dr. Bhatnagar on April 28, 2022. ECF 11-2. For his part, plaintiff contends that he repeatedly asked nurses and technicians for an appointment with the orthopedist from December 2021 until he filed his Complaint on April 18, 2022. ECF 1 at 3. There is no evidence in the record that plaintiff received any medical attention at all during this time period.

To be sure, plaintiff would not have pain and stiffness in his hand but for his punching an inmate and a wall. However, the cause of his initial injury is besides the point. Once plaintiff was injured, regardless of how or why, he had a right to adequate medical care. He claims that he went six months without care following surgery, which caused ongoing pain and limited range of motion. ECF 11-1 at 9. Whether plaintiff's continued pain and limited range of motion is part of the normal healing process or a result of a lack of timely post-surgical treatment is a material issue of fact that cannot be determined on the present record. Therefore, the Motion for summary judgment must be denied as to the United States.

### IV.    Conclusion

For the reasons stated herein, I shall grant defendants' Motion, construed as a motion to dismiss, as to the Bureau of Prisons, Warden Brown, Alison Foote,[8] and Thomas Gera. The Motion, construed as a motion for summary judgment, shall be denied as to the United States.

---

[8] The Clerk will be directed to correct defendant Foote's name on the docket. *See* ECF 11-1.

Plaintiff's motion for evidentiary hearing is denied, without prejudice, as premature.  Plaintiff will be granted 28 days in which to file a motion for appointment of counsel.

A separate Order follows.


_____January 18, 2023_____          _____/s/_____
Date                                                      Ellen L. Hollander
                                                              United States District Judge